**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 07-50100

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

LESLIE KEITH BLOXOM                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Petitioner Leslie Keith Bloxom's ("Bloxom") Motion for
Compassionate Release (Record Document 94).  The Government has opposed
Bloxom's motion.  See Record Document 98.  For the reasons set forth below, Bloxom's
Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On October 24, 2007, Bloxom was charged in a two-count Indictment with
possession of a firearm by a convicted felon (armed career criminal) and forfeiture.  See
Record Document 1.  Bloxom pled guilty to Count One (possession of a firearm by a
convicted felon) of the Indictment on April 14, 2008.  See Record Documents 25, 26.  He
was sentenced on July 9, 2008 to 210 months imprisonment and a five year term of
supervised release.  See Record Documents 28, 29.  Later in April 2017, pursuant to
Johnson v. U.S., 131 S.Ct. 2267 (2015), Bloxom's sentence was reduced to 120 months
imprisonment and three years supervised release.  See Record Documents 53, 54.

Bloxom was released from prison and his term of supervision commenced on April
12, 2018.  On May 20, 2019, his term of supervised release was revoked and Bloxom
was sentenced to serve 24 months in federal prison.  See Record Documents 90, 91.
Bloxom is currently housed at Dallas RRM and his projected release date is October 13,
2021.

**LAW AND ANALYSIS**

Bloxom asserts a generalized fear of COVID-19 as the basis for his compassionate release motion.  See Record Document 94.  He believes his revocation sentence has placed him in harm's way, possibly death, or severe illness due to the COVID-19 virus. He does not specify any medical condition identified by the CDC as a defined risk factor in his motion.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1)     upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2)     "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3)     where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Bloxom moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now

allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1)     prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2)     prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).  Bloxom has exhausted his administrative remedies and the Court will proceed to the merits of the motion.

Thus, subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Bloxom's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release.  However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP.  See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4.  Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not

dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release.  See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).  While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction:  (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons.  See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release."  U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i).  If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.  However, a generalized fear of COVID

does not automatically entitle a prisoner to release.  See U.S. v. Sierra, No. CR 17-00249, 2021 WL 2636738, at *3 (W.D. La. June 25, 2021), citing U.S. v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021).  Bloxom's motion fails on this basis alone.

Notwithstanding, this Court believes granting release in this case would not comport with the factors enumerated in Section 3553(a).  See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Bloxom's offense disfavor release.  He continued to commit additional crimes – possession of illegal substances and domestic abuse battery – during the term of his supervised release.  He has proven he is not a good candidate for release.  Moreover, a reduced sentence in this case simply would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant.

## CONCLUSION

Based on the foregoing reasons, Bloxom's Motion for Compassionate Release (Record Document 94) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of September, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT